UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANIDA OVERSHOWN-NUNEZ, § | | |
| *Plaintiff,* § | | |
| § | | |
| vs. § | Case No. 4:24-cv-2455 | |
| § | | |
| CITY OF HOUSTON, TEXAS, a § | | |
| government entity, § | | |
| *Defendant.* § | | |

### JUDGE PALERMO'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR PARTIAL DISMISSAL[1]

This is an employment dispute regarding unpaid overtime and whistleblower retaliation. Pending before the Court is Defendant City of Houston, Texas's ("Defendant" or "City") Rule 12(b)(6) motion for partial dismissal, ECF No. 23. Based on a careful review of the pleadings, motions,[2] and applicable law, the Court finds the motion should be granted. Specifically, Plaintiff's whistleblower retaliation claim should be dismissed for failure to allege a viable claim under Texas law, and

---

[1] On October 4, 2024, the District Judge to whom this case is assigned referred all potentially dispositive motions to this Court for a report and recommendation in accordance with 28 U.S.C. § 636(b). Order, ECF No. 14.

[2] Plaintiff filed a response, ECF No. 26, and Defendant filed a reply, ECF No. 27.

any overtime claims Plaintiff accrued prior to July 1, 2021 should be dismissed as time-barred.

I.   **BACKGROUND**

From the 1990s to 2023, Plaintiff Anida Overshown-Nunez ("Plaintiff" or "Overshown-Nunez") was employed with the City and the Houston Police Department ("HPD"). ECF Nos. 22 ¶ 5; 24 ¶¶ 5, 32. Her most recent position was as a manager for Defendant's Fleet Unit/Division. ECF Nos. 22 ¶ 6; 24 ¶¶ 6, 9. She alleges frequently working sixteen hours a day during the last eight years of her employment as a manager and performing various non-exempt tasks (tasks that qualify for overtime pay under the Fair Labor Standards Act ("FLSA")). Am. Compl., ECF No. 22 ¶¶ 10-11. However, she contends she was only paid her salary and denied, save for $5,000, overtime pay. *Id.* ¶¶ 12-14. Plaintiff alleges when she asked about the calculation of her overtime pay, she was told by HPD's Payroll Department that they "g[a]ve up" because HBD "could not make sense" of all of Plaintiff's overtime hours and pay. *Id.* ¶ 13.

In addition, Plaintiff states she became aware of apparently unlawful business dealings by Defendants and began regularly voicing her concerns at meetings.[3] *Id.* ¶ 16. In May 2023, one of her subordinate employees passed away. *Id.* ¶ 18; ECF

---

[3] Plaintiff does not specify when she became aware of such dealings.

No. 24 ¶ 18. Plaintiff alleges that when she returned to work the following week, she was blamed for her subordinate's death—for causing "stress at work." ECF No. 22 ¶¶ 18, 20. Plaintiff further alleges that, the next day, HPD's Sergeant Troy Finner called each of Plaintiff's subordinates into his office, and hours later Plaintiff received a "Relieved of Duty with Pay" notice. *Id.* ¶¶ 24-25. Plaintiff states that soon after, she received multiple written subordinate complaints, which she alleges consisted of lies, half-baked allegations, personal opinions, and perceived slights. *Id.* ¶ 28. Finally, Plaintiff asserts that, in September 2023, she received an indefinite suspension from her employment and Defendants forced her to exercise her remaining leave and vacation time before formally retiring on November 1, 2023. *Id.* ¶¶ 30, 32.

Plaintiff seeks all unpaid wages, overtime, liquidated damages, attorneys' fees and costs, and other relief. *Id.* at 9-10.

## II. LEGAL STANDARD FOR 12(b)(6) MOTION TO DISMISS.

Under Rule 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Poe v. Bock*, EP-17-CV-00232-DCG, 2018 WL 4275839, at *2 (W.D. Tex. Sept. 7, 2018) (quoting FED. R. CIV. P. 8(a)(2)). Rule 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted." *Id.* (quoting FED. R. CIV. P. 12(b)(6)). The Court accepts well-pleaded facts as true and construes them in the light most

favorable to the plaintiff on a Rule 12(b)(6) motion. *Id.* (citing *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012)). The Court rejects "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)) (internal quotation marks omitted).

If the complaint's facts accepted as true state a claim to relief that is plausible on its face, then the complaint will survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet the "facial plausibility" standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "an unadorned, the-defendant-unlawfully-harmed-me accusation" are insufficient. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

### III. PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiff asserts that she is not bringing her whistleblower retaliation claim pursuant to the Texas Whistleblower Act, but rather common law. ECF No. 26 at 2. However, just as there is no common law cause of action for private whistleblowers, *Garza v. Drs. on Wilcrest, P.A.*, 976 S.W.2d 899, 902 (Tex. App.—Hous. [14th Dist.] 1998) ("[N]o common law cause of action exists for private whistleblowing."), the availability of a common law whistleblower claim for government employees is

questionable. There is a case that suggests such a claim, *Walton v. City of Milford, Tex.*, No. 3:06-CV-2291, 2008 WL 631240 (N.D. Tex. Feb. 28, 2008), though it cites a case involving a private whistleblower, *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985). However, while the *Walton* court mentions that the plaintiff raised a claim pursuant to *Sabine*, it holds that the *Sabine* claim fails because the plaintiff never responded to Defendant's argument regarding that claim. 2008 WL 631240, at *5. However, the *Sabine* case involved a plaintiff who refused to engage in illegal acts, 687 S.W.2d at 734, whereas here, Plaintiff is reporting what she believes are illegal acts. In any event, Plaintiff failed to cite any authority supporting such a claim and therefore waived the claim for failure to adequately brief it. *Ark. v. Wilmington Trust Nat'l Assoc.*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) ("Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level." (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006))).

Defendant, in its motion to dismiss, correctly points out that if Plaintiff had instead meant to bring her claim pursuant to the Texas Whistleblower Act, she was required to "initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to the suspension or termination of employment or adverse personnel action before suing" and "invoke the applicable grievance or appeal procedures not later than the 90th day after the

date on which the alleged violation…occurred; or…was discovered by the employee through reasonable diligence." TEX GOV'T CODE ANN. § 554.006 (effective June 15, 1995); *Harris Cnty. v. Davidson*, 653 S.W.3d 318, 322 (Tex. App.—Hous. [14th Dist.] 2022) (internal citation omitted). Plaintiff has not alleged compliance with these procedures. Thus, even if her suit was brought pursuant to this statute, it is barred for failure to comply with the grievance procedures. *See Mahan v. Dep't of Pub. Safety*, No. 22-40580, 2024 WL 1216561, at *4-5 (5th Cir. Mar. 21, 2024) (affirming dismissal where plaintiff did not initiate the appropriate grievance procedure under § 554.006(a)).

Defendant also correctly notes that if Plaintiff had meant to bring her claim under Title VII of the Civil Rights Act of 1964,[4] she was required to "exhaust administrative remedies by filing a charge with the [Equal Employment Opportunity Commission ("EEOC")] within 180 days of the discriminatory [or retaliatory] action." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citing *Davis v. Fort Bend Cnty.*, 898 F.3d 300, 303 (5th Cir. 2018), *aff'd*, 587 U.S. 541, 544

---

[4] Plaintiff's allegations mirror the elements of a prima facie case of retaliation under Title VII. Plaintiff's complaint alleges that "Plaintiff engaged in a protected workplace activity…Plaintiff experienced adverse employment action…A causal connection exists between Plaintiff's protected activity and her adverse employment action." ECF No. 1 ¶¶ 42-44. "To establish a prima facie case of retaliation, an employee must show (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 1000 (5th Cir. 2022) (quoting *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020) (internal quotation and quotation marks omitted)).

(2019) (internal citation omitted)). Plaintiff argues that she is not bringing any Title VII claims, ECF No. 26 at 5. Apparently for that reason, she did not allege compliance with this requirement. Thus, her claim would be barred under Title VII. *See Ernst*, 1 F.4th at 339 ("Ernst failed to exhaust [EEOC] administrative remedies. The district court properly dismissed the sex-discrimination and retaliation claims.").[5]

Therefore, the motion to dismiss should also be granted as to Plaintiff's whistleblower retaliation claim.

## IV. PLAINTIFF'S FLSA OVERTIME CLAIMS SHOULD BE DISMISSED FOR CLAIMS ON PRE-JULY 1, 2021 PAY.

In its motion to dismiss, Defendant asserts that Plaintiff's "claims for overtime pay based on checks received prior to July 1, 2021 are time-barred and should be dismissed" because of the FLSA's three-year statute of limitations for willful breaches of the FLSA and Plaintiff's lawsuit on July 1, 2024. ECF No. 23 at 8. In response, Plaintiff asserts that she is not seeking overtime beyond the three-year limitations period for willful violations. ECF No. 26 at 5.

"An employer willfully violates the FLSA if it either knew or showed reckless

---

[5] Defendant also raises arguments that if Plaintiff was bringing retaliation claims under the First Amendment or the FLSA, she had failed to plead those claims. However, Plaintiff did not address these arguments in her response and therefore waived or abandoned them. *Ark.*, 2020 WL 1249570, at *5 (failing to respond on adequately brief arguments raised in a motion to dismiss constitutes waiver or abandonment of the claim).

disregard for the matter of whether its conduct was prohibited by the statute." *Cunningham v. Hamilton-Ryker IT Sols., LLC*, No. 3:21-cv-00302, 2022 WL 868709, at *2 (S.D. Tex. Feb. 16, 2022), *adopted*, 2022 WL 861512 (S.D. Tex. Mar. 23, 2022) (internal citation and quotation marks omitted). There is a circuit split on how specifically willfulness must be pled to overcome[6] a motion to dismiss. The "Ninth and Tenth Circuit have both held that the mere allegation of willfulness is enough to pass muster at the pleading stage." *Id.* (first citing *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298 (10th Cir. 2018) ("[W]illfulness is not relevant to the elements of Plaintiffs' claims but only to the statute-of-limitations defense."); then citing *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013) (finding general allegation that FLSA violations were "deliberate, intentional, and willful" sufficient to survive a motion to dismiss, because "[a]t the pleading stage, a plaintiff need not allege willfulness with specificity")). "On the other hand, the Second Circuit has held that FLSA plaintiffs are required to plead willfulness with particularity to survive a motion to dismiss." *Id.* (citing *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir. 2021)).

Lower courts in the Fifth Circuit are also divided on this issue, with one camp

---

[6] Given Defendant's concession that the claims are subject to a three-year statute of limitations period, Defendant is not actually opposing Plaintiff's assertion that the alleged FLSA violation was willful and therefore should be subject to a three-year as opposed to a two-year limitations period.

following the Ninth and Tenth Circuits' position, *id.* (collecting cases adopting the view that a general averment of willfulness at the pleading stage is enough), and the other following the Second Circuit's, *id.* at 3 (collecting cases holding that mere allegations are inadequate).

In her amended complaint, Plaintiff alleges that she typically worked 16 hours days for the last 8 years of her employment. ECF No. 22 ¶¶ 10-11. She further alleges she performed non-exempt tasks, that the payroll department issued her a $5,000 check for overtime pay, and that Defendants refused to pay more than that because they "could not make sense" of all her overtime hours worked and pay. *Id.* ¶¶ 12 & 13. These allegations are more specific than the bare allegation in *Rivera* that FLSA violations were "deliberate, intentional, and willful," which the Ninth Circuit held sufficient to survive a motion to dismiss. 735 F.3d at 903. In any event, this district has held allegations like Plaintiff's sufficient to survive dismissal. *Cunningham*, 2022 WL 868709, at *3 (citing *Heilman v. COSCO Shipping Logistics (N. Am.) Inc.*, No. CV H-19-1695, 2020 WL 1452887, at *2 (S.D. Tex. Jan. 22, 2020), *adopted*, 2020 WL 1650824 (S.D. Tex. Mar. 24, 2020) (finding allegations that "Defendant was aware that [Plaintiff] was performing such compensable work…[and] Defendant failed and refused to compensate [Plaintiff]" sufficient to survive dismissal)).

Thus, because Plaintiff has adequately alleged a willful violation, the motion

to dismiss Plaintiff's overtime claims should be granted only for checks received more than three years before filing her complaint, or before July 1, 2021.

## V. CONCLUSION

The Court **RECOMMENDS** that the motion to dismiss be **GRANTED** as to the whistleblower retaliation claim and overtime claims accrued before July 1, 2021, and that the retaliation claim and overtime claims accruing before July 1, 2021 be **DISMISSED WITH PREJUDICE**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on February 27, 2025.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**